UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER BRUEGGER, KERKIS, LLC <br> d/b/a REBEL WELL TESTING, and <br> REBEL WELL TESTING 401(K) PLAN, <br><br> Defendants. | ) <br> ) <br> )   Civil Action <br> )   No. 18-1591 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action against Defendants Christopher Bruegger, Kerkis, LLC d/b/a Rebel Well Testing ("Rebel Well"), and Rebel Well Testing 401(k) Plan pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. §§ 1109 and 1132(a)(5), to enjoin violations of the provisions of Title I of ERISA, and to obtain other appropriate relief to redress violations and to enforce the provisions of Title I of ERISA.

### I. JURISDICTION

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

### II. VENUE

Venue of this action lies in the United States District Court for the Southern District of

Texas, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

### III. THE PLAN

Rebel Well Testing 401(k) Plan ("the Plan") is, and at all times hereafter mentioned was, an employee pension benefit plan within the meaning of ERISA Section 3(2), 29 U.S.C. § 1002(2).  The Plan was established by, and at all times hereinafter mentioned was maintained by Kerkis, LLC d/b/a Rebel Well Testing ("Rebel Well"), an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a). During all times hereinafter mentioned, the Plan had been administered in Friendswood, Texas, within the jurisdiction of this Court.

### IV. THE DEFENDANTS

A. At all relevant times, Defendant Christopher Bruegger ("Bruegger") was the owner and CEO of Rebel Well and acted on its behalf with respect to the Plan.  At all relevant times, Bruegger was the Plan Trustee and thus a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A), in that he had or exercised discretionary control over the financial activities of Rebel Well, including decisions affecting the withholding of employee contributions from employees' paychecks and control over the Plan assets remitted on behalf of the participants and had the discretionary authority and discretionary responsibilities over the Plan's administration. At all relevant times, Bruegger conducted his job duties concerning the administration and management of the Plan and its assets in Friendswood, Texas, within the jurisdiction of this Court.

B. At all relevant times, Defendant Rebel Well was a Texas corporation within the

jurisdiction of this Court engaged in providing equipment and technical services for oil wells. At all relevant times, Rebel Well was an employer and Plan Sponsor with respect to the Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and 1002(16)(B). At all relevant times, Rebel Well was also a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A), in that it has been the named Plan Administrator possessing the discretionary authority and responsibility to administer the Plan.

C. The Plan, as described in paragraph III above, is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## V. ERISA VIOLATIONS

A. As part of his apparent winding up of the affairs of Rebel Well and the Plan, on May 29, 2014, Defendant Bruegger requested the custodial trustee of the Plan, John Hancock Life Insurance Company (U.S.A.), to terminate the Plan effective July 9, 2014, and to remit the remaining funds, totaling $60,237.27, to his personal bank account at another institution. By personally appropriating these Plan assets instead of distributing them to the appropriate participants and beneficiaries, Defendant Bruegger failed to administer these funds in accordance with his duties as a fiduciary.

B. As a result of the aforementioned failure, Defendant Bruegger has violated the provisions of ERISA in that he:

(1) Failed to hold Plan assets for the exclusive purposes of providing benefits to participants in the Plan and their beneficiaries and for defraying reasonable expenses of administering the Plan, in violation of Section 403(c)(1) of ERISA, 29 U.S.C. §1103(c)(1);

3

(2)     Failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

(3)     Failed to discharge his duty with respect to the Plan with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

(4)     Caused the Plan to engage in transactions which he knew or should have known constitute a direct or indirect transfer to, or use by or for the benefit of, a party in interest, assets of such plan in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

(5)     Dealt with the assets of the Plan in his own interests or for his own account in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1); and

(6)     Engaged in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of such trust and the interests of its participants and beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

C.     By permitting Defendant Bruegger to engage in the conduct described in paragraph A above, Defendant Rebel Well has violated the provisions of ERISA in that it:

(1)     Failed to hold Plan assets for the exclusive purposes of providing benefits to participants in the Plan and their beneficiaries and for defraying reasonable expenses of administering the Plan, in violation of Section 403(c)(1) of ERISA, 29 U.S.C. §1103(c)(1);

(2)     Failed to discharge its duty with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to

participants and their beneficiaries, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A); and

(3) Failed to discharge its duty with respect to the Plan with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B); and

D. The violations occurred in, but were not limited to, the following Plan transactions: permitting Bruegger, a party in interest, to use Plan assets for his own benefit and other non-Plan purposes; and failing to properly administer the Plan for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expense of administering the Plan.

E. Defendants Bruegger and Rebel Well's violations resulted in the following Plan losses:

(1) On July 10, 2014, in accordance with written instructions from Defendant Bruegger, as a fiduciary, $60,237.27 in Plan assets, belonging to eight Plan participants, were transferred to his personal bank account;

(2) Lost opportunity costs as calculated through June 30, 2017, of $6,379.13, as well as additional lost opportunity costs that cannot be calculated until the full amount of Plan assets are restored.

## VI. DIRECT LIABLITY FOR PLAN LOSSES

As a result of engaging in breaches of their fiduciary responsibilities, obligations, or duties and by engaging in transactions prohibited by ERISA, as described in Part V of this Complaint, Defendants Bruegger and Rebel Well have caused the Plan to suffer financial losses

for which they are liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

## VII. COFIDUCIARY LIABILITY

Pursuant to the provisions of ERISA Section 405, 29 U.S.C. § 1105, Defendants Bruegger and Rebel Well are fiduciaries with respect to the Plan and are personally liable for the breaches of fiduciary responsibility committed by their co-fiduciaries set forth in paragraph V, above, in that they were each aware of the actions of their co-fiduciaries and able to take action to remedy the violations, but failed to do so.

## VIII. PRAYER

WHEREFORE, cause having been shown, Plaintiff, Secretary of Labor prays that this Court:

1. Permanently enjoin Defendants Rebel Well and Bruegger from violating the provisions of ERISA;

2. Permanently enjoin Defendants Rebel Well and Bruegger from acting as fiduciaries to the Plan or any other employee benefit plan covered by ERISA;

3. Order Defendant Bruegger to restore all losses to the Plan, with interest thereon, resulting from his breaches of fiduciary obligations, and to correct all prohibited transactions, and to offset any claims or benefits, pursuant to Section 206(d)(4), 29 U.S.C. § 1106(d)(4), which he may have against or with the Plan against the amount of losses, including lost opportunity costs, resulting from his violations;

4. Order Defendants Rebel Well and Bruegger to engage an independent fiduciary—with advance notice to and consent of Plaintiff and at Defendant's expense—to take control of the misappropriated Plan assets and make distributions to the appropriate Plan participants;

5. Award plaintiff costs of this action; and

6. Provide such other remedial relief as may be appropriate.

    Respectfully Submitted,

    KATE S. O'SCANNLAIN
    Solicitor of Labor

    JAMES E. CULP
    Regional Solicitor

    ROBERT A. GOLDBERG
    Counsel for ERISA

    s/ Navin Jani
    _____

    NAVIN JANI
    Trial Attorney-in-Charge
    CA Bar No. 298118
    Email: jani.navin.s@dol.gov

    U.S. Department of Labor
    Office of the Solicitor
    525 Griffin Street, Suite 501
    Dallas, TX 75202
    (972) 850-3100
    (972) 850-3101-fax

    Attorneys for Plaintiff.